IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  3:23-cr-30023-NJR |
| | ) | |
| GUANGWEI GAO, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S SENTENCING MEMO</u>**

In January 2023, Defendants Guangwei Gao and Hongying Wang embarked from Los Angeles on a cross country trip to Target stores across the United States to put modified gift cards on store shelves to catch customers unawares and take their money.  Based on the Guideline range and the statutory sentencing factors, the government recommends a sentence of eight months at the low end of the guideline range.[1]

## I.     DEFENDANT'S CONDUCT

Defendants left Los Angeles, California, on January 17, 2023, in a Honda minivan, carrying at least 6,100 modified Target gift cards and several thousand dollars cash to pay their way.  The gift cards had no balance on them and had never been used, suggesting they had been stolen from Target at some point.  Each gift card had been altered in that the back of the card had been scratched off to reveal the account and access numbers, those numbers had been copied and retained, and a sticker was then placed over those numbers so the cards appeared unaltered. PSR ¶ 8.  As Defendants drove, they placed the altered cards on Target store sales racks in Albuquerque, New Mexico (Jan. 17); Norman, Oklahoma (Jan. 18); Edmond, Oklahoma (Jan. 18); Liberty, Missouri (Jan. 20); Independence, Missouri (Jan. 20); St. Peters, Missouri (Jan. 20), Town and

---

[1] Defendants have been in custody since January 2023.  Both Defendants have ICE detainers.

Country, Missouri (Jan. 21); Brentwood, Missouri (Jan. 21); and Belleville, Illinois (Jan. 21). Stipulation of Fact, R. 75, at ¶¶ 6-7.  Altered gift cards were recovered from the stores in St. Peters, Town & Country, and Belleville.  *Id.*  The trip came to an end when Defendants were arrested in Effingham, Illinois.

Defendants and others working with them intended to conduct balance checks on the card numbers to see if Target customers put money on the altered cards, so that Defendants or others could then make purchases using that money.  Given the nature of the scheme, law enforcement has not been able to verify any individual Target customers who may have been victims.  The reason for this is simple:  law enforcement can check the card numbers on the *recovered* gift cards but have no way to know the card numbers for the gift cards that were placed on store shelves undetected.

Target was able to run the card numbers on some of the altered gift cards that were recovered from the Belleville store.  Those cards were subject to a series of balance checks from IP addresses traced to Fremont, Pennsylvania, and to the country of Singapore.  Stip. ¶ 7.

Defendants were arrested on January 21, 2023.  They have been in custody since that date.

## II.    GUIDELINE CALCULATIONS

The presentence investigation report calculates Defendant's guideline range as follows: a base offense level of 6, plus 10 points for a loss amount over $150,000, minus 2 points as a zero-point offender, and minus 3 additional points for acceptance of responsibility, for an offense level of 11.  PSR ¶¶ 21-31.[2]  Defendant has no known criminal history.  PSR ¶¶ 32-38.  This results in an offense level of 11 and a criminal history category I, with a guideline range of 8-14 months. PSR ¶ 61.

---

[2] This is two offense levels lower the parties' calculations in the plea agreement, which was written before the zero-point offender guideline became effective.  PSR ¶ 63.

III.    APPLICABLE LAW.

The guidelines are the "starting point and the initial benchmark" for determining a federal sentence. *Gall v. United States,* 552 U.S. 38, 49 (2007). In *United States v. Jones,* 696 F.3d 695, 700 (7th Cir. 2012), the Seventh Circuit discussed the sentencing procedure that district courts must follow:

> A sentencing court must first correctly calculate the advisory Guidelines range. *United States v. Rodriguez,* 425 F.3d 1041, 1046 (7th Cir. 2005). Next, the defendant must be given the opportunity to bring to the court's attention any factors under § 3553(a) that might warrant a sentence below the Guidelines range. *United States v. Dean,* 414 F.3d 725, 730 (7th Cir. 2005). The court must consider those factors in selecting an appropriate sentence, although it need not expressly address all of them. *United States v. Williams,* 425 F.3d 478, 480 (7th Cir. 2005).

*Jones*, 696 F.3d at 700.

Sentences are now reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 260-262 (2005). "A sentence is *reasonable* if the district court properly calculated the guidelines range and then exercised appropriate discretion in applying the factors specified in 18 U.S.C. § 3553(a)." *United States v. Vaughn*, 614 F.3d 412, 414 (7th Cir. 2010) (emphasis added). "Even though the Sentencing Guidelines are advisory, judges are not allowed to simply ignore the guidelines ranges." *United States v. Omole,* 523 F.3d 691, 699-700 (7th Cir. 2008), *abrogated on other grounds by United States v. Statham,* 581 F.3d 548 (7th Cir. 2009). "Although the advisory range 'informs rather than cabins' the court's discretion, the court must nevertheless take the Guidelines into account." *United States v. Snyder,* 635 F.3d 956, 959 (7th Cir. 2011) (quoting *United States v. Neal,* 512 F.3d 427, 438 (7th Cir. 2008)).

"'[A] major departure should be supported by a more significant justification than a minor one.'" *United States v. Brown,* 610 F.3d 395, 398 (7th Cir. 2010) (quoting *Gall v. United States,*

552 U.S. 38 (2007)). In *United States v. Castillo,* 695 F.3d 672, 673 (7th Cir. 2012), the Seventh Circuit stated:

> The guidelines range is the Sentencing Commission's estimate of the reasonable range of punishments for the defendant's offense.  Usually . . . a judge who imposes a sentence far above the top or far below the bottom of that range is challenging the Commission's penal judgment, and given that the Commission's knowledge of penology exceeds that of most judges, the judge needs to provide more in the way of justification than if he were departing incrementally.

*Id*. at 673.

## IV.    APPLICATION OF THE 18 U.S.C. § 3553 SENTENCING FACTORS

Consistent with the guideline calculations and the plea agreement, the government recommends a sentence of eight months' imprisonment at the low end of the guideline range.

The nature and seriousness of the offense supports that recommendation.  The scope of the fraud is ambitious: the intended loss is $207,400.00.  It is difficult to say how much of that translated into an actual loss.  Target can only look up the card numbers for cards that law enforcement recovered, which by definition still had a $0.00 balance.  But the intended loss amount itself justifies the recommended sentence.

The Defendant's history and characteristics also support the recommendation.  Defendant appears to have entered the United States illegally, suggesting a history of disrespecting U.S. law. On the other hand, at least according to his interview with probation, Defendant obtained lawful work as a truck driver since coming to the United States, at least up until the instant offense.  PSR ¶ 51.

The need for deterrence is also an important factor.  The oversea IP addresses used to make balance checks on the gift cards found in Defendants' custody suggest a scheme based overseas. Stip. ¶ 8.  And recent immigration trends suggest cases involving illegal immigrants from China will become more common.  *See* CNN, "The 'walking route': How an underground industry is

helping migrants flee China for the US" (Jan. 8, 2024).[3]  There is a significant need for deterrence of overseas-based fraud schemes that target U.S. citizens.  This particular fraud, however, is somewhat atypical, perhaps lessening any deterrent effect.

## CONCLUSION

For these reasons, the government respectfully asks that the Court impose a sentence at the low end of the guideline range.

Respectfully submitted,

UNITED STATES OF AMERICA,

RACHELLE AUD CROWE
United States Attorney

*s/ Peter T. Reed*
PETER T. REED
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail: Peter.Reed@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Peter T. Reed*
PETER T. REED
Assistant United States Attorney

---

[3] "These arrivals are part of a staggering new trend. In the first 11 months of 2023, more than 31,000 Chinese citizens were picked up by law enforcement crossing illegally into the US from Mexico, government data shows – compared with an average of roughly 1,500 per year over the preceding decade." https://www.cnn.com/2024/01/08/americas/china-us-migrants-illegal-crossings-intl-hnk-dst/index.html (last accessed Jan. 18, 2024).